**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martha A. McNair,<br><br>            Plaintiff,<br><br>v.<br><br>Maxwell & Morgan PC, et al.,<br><br>            Defendants. | No. CV-14-00869-PHX-DGC<br><br>**ORDER** |

Defendants have filed a motion for reconsideration (Doc. 38). The Court will deny the motion.

Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence, (2) material factual events have occurred since the Court's initial decision, (3) there has been a material change in the law since the Court's initial decision, or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *See, e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

Defendants argue that dismissal is warranted under *Rooker-Feldman* because "it is apparent that Plaintiff's attack in State Court on the same collection practices that are the basis of the Federal lawsuit make these claims inextricably intertwined with the State

1  Court's decisions such that adjudication of McNair's claims here would undercut the
2  State Court's rulings." Doc. 38 at 4. In its order denying Defendants' motion to dismiss,
3  the Court discussed the *Rooker-Feldman* doctrine and explained why it does not apply in
4  this case. *See* Doc. 37 at 4-6. The Court will not reconsider this decision.

In its previous order, the Court was unable to fully address Defendants' arguments regarding the doctrines of *res judicata* or collateral estoppel because Defendants failed to provide the Court with a copy of the stipulation or records of the state court proceedings. Doc. 37 at 8-9. Defendants attest that they attached physical copies of these documents to the original motion they mailed to the Clerk. Doc. 38 at 2. Defendants state that they did not file the documents electronically for fear of violating Local Rule 7.1(d)(1), but filing records of an Arizona state proceeding to support defenses of *res judicata* and collateral estoppel clearly is permissible under that rule. Unfortunately, Defendants have again failed to file these records electronically on CM/ECF, rendering the Court unable to consult them.[1] The Court will not reconsider Defendants' motion on this basis.[2]

**IT IS ORDERED** that Defendants' motion to reconsider (Doc. 38) is **denied**.

Dated this 5th day of September, 2014.

_____
David G. Campbell
United States District Judge

---

[1] Defendants assert that they mailed copies of the stipulation and records of the state court proceedings along with their original motion to dismiss. Doc. 38 at 2. They also appear to have mailed a "duplicate copy of the Motion to Dismiss," along with copies of the relevant documents, as an attachment to their motion for reconsideration. *Id*. Because the Court uses the CM/ECF filing system, the Clerk does not file or retain paper records. Defendants failed to file copies of the documents electronically, and they are not part of the record in this case or accessible by the Court.

[2] Defendants' motion does not fully address why *res judicata* or collateral estoppel bar Plaintiff from asserting FDCPA claims in this action. Defendants do not appear to acknowledge that while their debt-collection practices may have been legal under Arizona law, they may nevertheless violate federal law and give rise to viable FDCPA claims that can be asserted in this action. The Court will not allocate further resources to the motion to dismiss. Further motions for reconsideration should not be filed.

- 2 -