**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martha A. McNair,<br><br>               Plaintiff,<br><br>v.<br><br>Maxwell & Morgan PC, et al.,<br><br>               Defendants. | No. CV-14-00869-PHX-DGC<br><br>**ORDER** |

Defendants have filed a motion to dismiss Jane Doe Maxwell and Jane Doe Nikolaus as parties to this lawsuit pursuant to Federal Rule of Civil Procedure 4(m). Doc. 56. Plaintiff opposes Defendants' motion and seeks leave to amend her complaint. Docs. 57, 58. The motions are fully briefed, and oral argument will not aid the Court's decision. Docs. 56, 57, 58, 60, 61, 62. The Court will deny Defendant's motion to dismiss and grant Plaintiff's motion to amend.

**I.     Background.**

Plaintiff filed suit against Defendants on April 24, 2014. Doc. 1. On May 23, 2014, a summons was issued for Charles E. Maxwell, Maxwell & Morgan PC, and W. William Nikolaus. Doc. 10. Plaintiff served Defendant Nikolaus on May 31, 2014. Doc. 60 at 5. Defendant Nikolaus filed a motion to dismiss on June 20, 2014. Doc. 12. In late June, Defendants Maxwell & Morgan and Charles E. Maxwell signed waivers of service. Docs. 18, 19. They later joined Defendant Nikolaus' motion to dismiss. Docs. 30-34.

On August 26, 2014, the Court denied the motion to dismiss and scheduled a Rule 16 conference. Docs. 36-37. On September 29, 2014, ten days before the Rule 16 conference, Plaintiff contacted Defendants in compliance with the Court's meet and confer deadline. Doc. 60 at 6. On October 17, 2014, Plaintiff served Defendants with two discovery requests in the form of interrogatories, asking only that Defendants identify the spouses of Charles Maxwell and W. William Nikolaus. Doc. 58 at 5 n.6. On November 17, 2014, Defendants provided Plaintiff with the spouses' names. *Id.* Two days later, Defendants filed this motion to dismiss the Doe defendants. Doc. 56.

**II.     Motion to Dismiss.**

Rule 4(m) provides that if a plaintiff fails to serve a defendant within 120 days of filing the complaint, the Court must dismiss the action against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

Defendant argues that Plaintiff lacks good cause because she failed to take reasonable steps to identify the Doe Defendants within the 120-day period provided by Rule 4(m). Doc. 60 at 6. The Court agrees. Nothing prevented Plaintiff from conducting a county records search of the known Defendants to identify their spouses, pursuing the Rule 26(f) conference earlier in order to speed discovery, seeking the Court's permission to serve discovery before the Rule 26(f) conference, or filing a motion to extend the 120-day service deadline. Doc. 60 at 6-7.

The Ninth Circuit has held, however, that district courts have broad discretion under Rule 4(m) to extend time for service even without a showing of good cause. *See United States v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004); *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). This holding is consistent with the Advisory Committee Notes to Rule 4(m), which state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the

consequences of an application of [Rule 4(m)] even if there is no good cause shown." (1993 Amendments).

Although the Court finds a lack of good cause for Plaintiff's failure to effect service within 120 days, the Court will exercise its discretion to extend the period for service through **February 27, 2015**. The Court does so because Defendants clearly have known that Plaintiff intended to sue their spouses, as typically is required in this community property state. Additionally, Defendants appear to have taken full advantage of the time permitted to act or respond whenever possible, and have identified no prejudice resulting from the delay in service of both spouses. The Court will deny Defendants' motion.

### III. Motion for Leave to Amend.

The Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy in favor of leave to amend must not only be heeded, but also applied with extreme liberality. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 880 (9th Cir. 2001). This liberality "is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

Plaintiff's motion is timely and does not cause Defendants undue prejudice. The Court will grant Plaintiff leave to amend her complaint.

**IT IS ORDERED:**

1. Defendants motion to dismiss (Doc. 56) is **denied**.
2. Plaintiff's motion for leave to amend the complaint (Doc. 57) is **granted**. Plaintiff shall file her proposed First Amended Complaint (Doc. 57-1) on or before **February 2, 2015**.

3.   All Defendants shall be served no later than **February 27, 2015**.  Plaintiff is advised that the Court will not be inclined to extend this deadline.

Dated this 28th day of January, 2015.

David G. Campbell
United States District Judge